Nov. 1813.

WILLIAM K. LAMPSON *against* JOHN R. LANDON.

In an action on the case, against the sheriff of the county of *L*., for the escape of a prisoner committed in execution, and who had been admitted to the liberties of the prison, the defendant justified under an order of the County Court for the county of *L*., altering and extending the gaol limits in the county of *L*.; which order was passed by such County Court held and convened at *N. H.* in the county of *N. H.* : The prisoner, at the time of the alleged escape, was within the limits prescribed by the order, but was without the former limits of the gaol. It was held, in such case, that as the order was good, on the face of it, it was a complete justification.

MOTION for a new trial.

This was an action on the case, brought against the defendant, as the keeper of *Litchfield* county gaol, for the voluntary escape of a prisoner committed on final process. The defendant pleaded the general issue.

On the trial, the defendant read in evidence to the jury, an order, purporting to be an order of the County Court of the county of *Litchfield*, for altering and extending the gaol yard in the county; which order was of the tenor following, *viz.* " At a session of the County Court of the county of *Litchfield, October* 29th, 1811. Ordered, that the following alteration be made in the limits of the gaol-yard in the county of *Litchfield, viz.* Beginning at the south-west corner of the house occupied by *Elias Hull* ; thence running westward to the south-east corner of Doct. *Samuel Buel's* store ; thence westward, in a strait line, to land owned by *Silas E. Cheeney* ; thence southwardly, by the east line of said *Cheeney's* land, to the highway; thence southward, to the north-east corner of the school-house ; thence eastward, to the north-east corner of *Timothy Peck's* store."

It was agreed between the parties, that the prisoner, who had been admitted to the liberties of the prison, was within the limits prescribed by the above recited order, at the time of the alleged escape ; but that he was without the former limits of the prison.

It was also admitted, that the order here recited, was passed by the members of the County Court for the county of *Litchfield*, convened at the council chamber, in *New-Haven*, in the county of *New-Haven*, without the county of *Litchfield*.

The plaintiff contended, that the order was void, and that the defendant could not, thereby, justify the alleged escape. But the court instructed the jury, that the order was good, upon the face of it, and was a lawful protection to the defendant ; and directed them to return their verdict for the

defendant. The jury returned their verdict accordingly : Whereupon, the plaintiff moved for a new trial, on the ground of a misdirection ; which motion was reserved for the consideration and advice of the nine Judges.

*Bronson,* argued in support of the motion. He cited 1 *Conn. Stat.* 207, 208, 209. Case of the *Marshalsea,* 10 *Co.* 76. *Brown* v. *Compton,* 3 *Term Rep.* 424. *Baxter* v. *Taber,* 4 *Mass. Rep.* 361.

*N. Smith* and *L. Mitchell,* contra. They cited the case of the *Marshalsea,* 10 *Co.* 76. *Parsons* v. *Loyd,* 3 *Wils.* 345. *Truscott* v. *Carpenter* & *Man,* 1 *Ld. Raym. Rep.* 230. *Bul. N. P.* 83. The *King* v. *Jackson,* 1 *Term Rep.* 653. *Wooster* v. *Parsons, Kirby's Rep.* 110. *Gilbert* v. *Rider, Kirby's Rep.* 182.

MITCHELL, Ch. J. This was an action against the sheriff of *Litchfield* county, for an escape on final process.

The defendant, as a justification in permitting the prisoner to go at large beyond the usual gaol limits, produced an order of the *Litchfield* County Court, by which the gaol limits were enlarged, so as to include the place to which the prisoner was permitted to go, and where the escape was stated to have been committed.

That the respective county courts, in the several counties in this state, are vested with power to control and limit the extent of the gaol-yards, by enlarging or restricting them, at their pleasure, is not questioned : But it is insisted, that the order of the court for enlarging the liberties of the gaol, should have been made at the place appointed by law for holding the court, within the county : And as the order was made at a session of the court held at *New-Haven,* in the county of *New-Haven,* that it could not protect the defendant.

As the making of the order, relied upon by the defendant, as a justification, was a proceeding of the court, which was intended to control him in the performance of his duty ; and in this respect, has an analogy to civil process ; it is obvious

Nov. 1813.

LAMPSON
v.
LANDON.

that the decisions respecting the latter, must govern the opinion of the court, in the case now presented to them.

It seems to be a settled point in modern *English* authorities, as well as in our own, that an officer who executes a process issuing from a court not having jurisdiction, cannot be subjected, in an action of trespass, for an imprisonment by virtue of such process, unless the defect of jurisdiction appears on the face of the proceeding. Thus, in the case of *Ladbroke* v. *Cricket*, 2 *Term Rep.* 654., which was an action brought by the plaintiff, claiming property seized by virtue of a process issued from the court of *King's Bench*, against the defendant, who claimed the same property, by virtue of a process of the court of admiralty, *Buller*, J., whose language on the subject, was more explicit than that of the rest of the court, but of the same import, observes, " That the law equally protects an officer acting under the court of admiralty, as it does one acting under the common law courts." " If on the face of the proceedings," he says, " the court of admiralty had jurisdiction, the officer was bound to execute the process, and could not examine into the foundation of them ; and that will protect him."

The doctrine is carried much farther in the case of *Truscott* v. *Carpenter & Man*, 1 Ld. *Raym. Rep.* 230. And the sheriff is, there, said to be under no obligation to enquire into the fact, whether the court had jurisdiction or not, or whether the defect appears on the face of the proceeding or not. The court expressly declare, " that neither the officer, nor the party is bound to take notice, whether the cause of action arose out of the jurisdiction of the court ; and that the resolution of the case of the *Marshalsea*, 10 *Co.* 76., subjecting the officer, in all cases of a defect of jurisdiction, was a hard resolution, and warranted by none of the books, there cited." The process in that case, too, had been issued by a court of limited jurisdiction ; whereas, our courts of common pleas are courts of general jurisdiction, having cognizance of civil actions, without reference to the place where the same may have arisen : And it certainly appears reasonable, that the sheriff, who is not supposed to be conversant with legal

Nov. 1813.

LAMPSON
*v.*
LANDON.

subtilties, should not be compelled to determine, at his peril, whether the court had jurisdiction or not.

It is not necessary, in the present case, to rely upon the principle adopted in the case cited from Ld. *Raymond ;* for, from the face of the proceeding, here, there appeared no defect of jurisdiction. The subject matter of the order, was clearly within the jurisdiction of the court, so long as its operation was confined to the place which the law has established for holding their sessions. And that the court who made the order, was held out of the county, does not appear upon any part of the record.

The order, although bearing date at a day certain, does not purport to have been made at any particular place; and it is undoubtedly correct to say, that the proceedings of a court of such extensive jurisdiction, are to be presumed to have been conformable to law, until the contrary appears. The judges are not presumed to have violated their duty.

Accordingly, in the case cited from 2 *Term Reports*, Mr. Justice *Buller* observes, " that we must take it that they," (the court of admiralty,) " had jurisdiction, for nothing appears on the face of the decree, to shew, that they had not." With the same propriety, it may be said, that the officer in the present case, was bound to presume, that the court had jurisdiction ; and, of course, to have been properly organized. Nothing was apparent, which could justify him in supposing, that the court were divested of their power ; or that the order was made out of the limits of *Litchfield* county ; or that the members of the court, in making it, acted in any other than their judicial capacity.

The omission to set forth the place of making the order, on the record, is to be taken as the omission of the clerk, or at most, a mere irregularity, as a defect which may be supplied by amendment : And an officer can never disregard an act of the court, on account of a mere irregularity, even upon the face of the proceeding. Thus, it is well settled, that if a writ on *mesne process* be issued, so that a term intervene between the teste and return, it is void for irregularity, as distinguished from a defect of jurisdiction ; which irregulari-

ty appears on the face of the process ; yet the officer may justify under such writ, although it be void ; " for," says Chief Justice *De Grey*, in *Parsons* v. *Loyd*, 3 *Wils. Rep.* 345., " he is not to exercise his judgment touching the validity of the process, in point of law ; but is obliged to obey the commands of the court at *Westminster*." *Plucknet* v. *Grenes*, 2 *Keb.* 705. *pl.* 69. *Grene* v. *Jones*, 2 *Keb.* 844. *pl.* 81. *Chancy* v. *Rutter*, 3 *Keb.* 213. *pl.* 21.

That a proceeding, which is merely irregular, and not without the jurisdiction of the court, may be alleged by an officer in his defence, was resolved in 10 *Co.* 76.

The principle on which alone, it is necessary to rely, in deciding this case, has been already settled by two decisions in this state. The case of *Wooster* v. *Parsons*, *Kirby's Rep.* 110. was an action of trespass for false imprisonment against the party in whose favour an execution had been issued. The court, in giving their opinion, observe, " That the defendant justifies under an execution from the City Court. The reply is, that the cause of action arose without the jurisdiction of that court ; but this doth not appear from the face of the proceedings, and it is now too late to shew it by matter *dehors* the record." They cite the case of *Truscott* v. *Carpenter* & *Man*, with approbation, observing, " that in that case, the former decisions were brought, and this point settled."

The other case above alluded to, is the case of *Gilbert* v. *Rider, Kirby's Rep.* 182. This was, also, an action for false imprisonment against a constable for executing a process, which was alleged to be void, by reason of an improper direction : And the court declare, " that the officer is bound by his precept, unless it is void on the face of it, and cannot look to the circumstances which induced the direction."

Hence, it appears, that the opinion of the Superior Court was correct ; and that a new trial ought not to be advised.

The other Judges, severally, concurred in this opinion.

New trial not advised.